IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUNIUS BAUGH, individually, and on behalf of all others similarly situated, | )<br>) Case No. _____<br>) |
| Plaintiff, | )<br>) |
| v. | ) CLASS/COLLECTIVE ACTION<br>) |
| CVS HEALTH and CVS/PHARMACY, | )<br>) JURY TRIAL DEMANDED |
| Defendants. | ) |

## CLASS / COLLECTIVE ACTION COMPLAINT

Junius Baugh ("Plaintiff"), by and through his undersigned counsel, hereby makes the following allegations against CVS Health and CVS/Pharmacy ("Defendants") concerning his acts and status upon actual knowledge and concerning all other matters upon information, belief and the investigation of his counsel:

### NATURE OF ACTION

1. Plaintiff contends that Defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("MWA") and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.* ("WPCL") by knowingly suffering or permitting him and the class / collective members to work in excess of 40 hours per week without paying an overtime premium rate for each hour beyond 40.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1332(a)(1), because the

matter in controversy in this civil action exceeds $75,000.00 exclusive of interest and costs and because the parties are residents of different states.

3. This Court has supplemental jurisdiction over Plaintiff's MWA and WPCL claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction), because these claims arise from the same occurrence or transaction (i.e., Defendants' failure to pay overtime premium wages for all overtime hours worked), and are so related to Plaintiff's FLSA claim as to form part of the same case or controversy.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because Plaintiff Junius Baugh resides in this District, worked for Defendants in this District and suffered the losses at issue in this District, because Defendants have significant business contacts within this District and because the actions and omissions giving rise to Plaintiff's claims occurred within this District.

## PARTIES

5. Plaintiff Junius Baugh is an adult citizen of the Commonwealth of Pennsylvania who resides in Philadelphia County. From October 2011 to October 2012, Plaintiff worked as an hourly-paid Subordinate Pharmacist and Floater Pharmacist for Defendants at several different CVS stores in the Philadelphia area. Defendants paid Plaintiff a straight-time rate of $58.93 for every hour he worked, including all of his overtime hours. For example, in the two-week pay period ending January 7, 2012, Defendants paid Plaintiff for 107 work hours at $58.93 instead of paying a straight-time rate for the first 40 hours in each week and a "time-and-a-half" overtime premium rate (i.e., $88.40) for each of his 27 overtime hours. Plaintiff has been damaged by Defendants' failure to pay him at a "time-and-a-half" overtime premium rate for all of the overtime hours he worked. Plaintiff has submitted an opt-in consent form to join this lawsuit. *See* Exhibit A (attached hereto).

6. Defendant CVS Health is a company with its corporate headquarters located at 1 CVS Drive, Woonsocket, RI. Defendant CVS Health is a pharmacy innovation company that owns and manages CVS/Pharmacy and its 7,700 retail pharmacy stores. *See http://www.cvs health.com/about-us*. Throughout the relevant period, Defendant CVS Health was an "employer" of Plaintiff and the Class members as defined by the FLSA, MWA and WPCL and was actively engaged in the activities described herein.

7. Defendant CVS/Pharmacy, the retail division of CVS Health, is a company with its corporate headquarters located at 1 CVS Drive, Woonsocket, RI. *See http://www. cvshealth.com/our-businesses/cvspharmacy*. Defendant CVS/Pharmacy is America's leading retail pharmacy, with more than 7,700 CVS/Pharmacy and Longs Drug stores, including about 45 stores in Philadelphia County. *Id. See http://www.cvs.com /stores/cvs-pharmacy-locations/ Pennsylvania/Philadelphia*. Defendant CVS/Pharmacy employs more than 26,000 pharmacists nationwide, including several hundred in Philadelphia. *Id.* Throughout the relevant period, Defendant CVS/Pharmacy was an "employer" of Plaintiff and the Class members as defined by the FLSA, MWA and WPCL and was actively engaged in the activities described herein.

## BACKGROUND FACTS

8. During the relevant period, Plaintiff and the class / collective members worked as hourly-paid Subordinate Pharmacists and/or Floater Pharmacists and/or other similarly titled positions in CVS stores. While Subordinate Pharmacists typically worked at the same store every day, Floater Pharmacists typically "floated" between stores, filling in for other pharmacists who were absent for any number of reasons (i.e., vacation, illness, holiday, injury, etc…). Pharmacists, Subordinate Pharmacists and Floater Pharmacists all shared the same duties: to show up at a CVS

store and interact with customers, fill prescriptions, give flu vaccinations and complete adherence reports.

9. Each week, Plaintiff and the class / collective members would speak to a CVS scheduler on the phone and receive their work assignment (including store(s), days and shift times) for the coming week. They could receive scheduled overtime hours from the outset, be offered opportunities to pick up overtime hours as the week went on, or wind up working overtime hours without notice, like when another employee failed to show up for a shift. Regardless, Plaintiff and the class / collective members were full-time employees who routinely worked 40-50 hours per week and, occasionally, worked much more. For example, during his tenure as a Subordinate Pharmacist and Floater Pharmacist, Plaintiff logged between 100 and 135 work hours in more than ten different pay periods.

10. Plaintiff and the class / collective members are not exempt from the FLSA or Pennsylvania wage and hour laws because they do not meet any tests for exemption.

11. Every two weeks, Defendants provided Plaintiff and the class / collective members with an Earnings Statement that showed, among other things, their regular rate of pay and their total work hours in that pay period. These Earnings Statements show that Defendants consistently paid Plaintiff and the class / collective members at their straight-time rate – rather than a "time-and-a-half" overtime premium rate – for their overtime hours (i.e., hours beyond 40 each week) and, in fact, that Defendants never paid an a "time-and-a-half" overtime premium rate for any hours worked.

## JOINT EMPLOYMENT ALLEGATIONS

12. Throughout the Class Period, CVS Health and CVS/Pharmacy were both actively engaged in the business of providing healthcare and pharmacy services to customers in their CVS

stores through a nationwide network of employees that included Subordinate Pharmacists and Floater Pharmacists.

13.     Throughout the Class Period, CVS Health and CVS/Pharmacy both provided healthcare and pharmacy services by virtue of the work performed by Plaintiff and the class / collective members.

14.     Throughout the Class Period, Plaintiff and the class / collective members interfaced with computerized systems, programs and databases that were owned, operated and managed by CVS Health and CVS/Pharmacy to perform their jobs.

15.     Throughout the Class Period, Plaintiff and the class / collective members performed their jobs under the supervision of CVS Health and CVS/Pharmacy, and using materials and technology approved and supplied by CVS Health and CVS/Pharmacy.

16.     Throughout the Class Period, regardless of the region in which they worked, Plaintiff and the class / collective members were required to follow and abide by common work, time, compensation and overtime policies and procedures set and enforced by CVS Health and CVS/Pharmacy in the performance of their jobs.

17.     Throughout the Class Period, at the end of each pay period, regardless of the region in which they worked, Plaintiff and the class / collective members received wages that were determined by common systems and methods that CVS Health and CVS/Pharmacy selected and controlled.

18.     Throughout the Class Period, CVS Health and CVS/Pharmacy were joint employers of Plaintiff and the class / collective members, because they each had the right to: hire and fire Plaintiff and the class / collective members; control the work performed by Plaintiff and the class / collective members; direct the manner in which Plaintiff and the class / collective

members performed their work; inspect and supervise the work Plaintiff and the class / collective members performed; promulgate policies and procedures governing the employment of Plaintiff and the class / collective members (including the work, time, compensation and overtime policies and procedures at issue here); enforce these policies and procedures with respect to Plaintiff and the class / collective members; and determine the compensation provided to Plaintiff and the class / collective members.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) on behalf of the following collective group: "All persons Defendants employed as Subordinate Pharmacists and/or Floater Pharmacists during any workweek in the maximum limitations period."

20. Plaintiff is a member of the Class he seeks to represent, because he:

    a. Worked for Defendants as a Subordinate Pharmacist and Floater Pharmacist during the relevant period;

    b. Performed overtime work for Defendants in one or more workweeks; and

    c. Did not receive a "time-and-a-half" overtime premium rate for every hour he worked beyond 40 in one or more workweeks.

21. Although Plaintiff and the collective group members may have worked in different CVS stores, this action may be properly maintained as a collective action because:

    a. Plaintiff and the collective group members had shared employers;

    b. Plaintiff and the collective group members performed the same type of work;

  c.  Plaintiff and the collective group members were governed by the same timekeeping policies, practices and systems;

  d.  Plaintiff and the collective group members were governed by the same compensation policies, practices and systems;

  e.  Plaintiff and the collective group members were governed by the same policies, practices and systems concerning work hours;

  f.  Plaintiff and the collective group members were governed by the same policies, practices and systems concerning overtime hours and wages;

  g.  Plaintiff and the collective group members were paid at a straight-time rate for all hours worked beyond 40 each workweek;

  h.  Plaintiff and the collective group members utilized the same computer systems and technology to perform their required job duties and track their work hours; and

  i.  Defendants' labor relations and human resources systems were centrally-organized and responsible for supervising and controlling all aspects of the work Plaintiff and the collective group members performed, including policies, practices and systems relating to timekeeping, compensation, work hours and overtime.

22. Plaintiff estimates that the collective group, including both current and former employees over the relevant period, will include more than 1,000 members. The precise number of Class members should be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from the class members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b).

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

23. Plaintiff brings his MWA and WPCL claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the following Class: "All Pennsylvania residents Defendants employed as Subordinate Pharmacists and/or Floater Pharmacists during any workweek in the maximum limitations period.

24. Plaintiff is a members of the Class he seeks to represent, because he:

    a. Is a resident of Pennsylvania;

    b. Worked for Defendants as a Subordinate Pharmacist and Floater Pharmacist during the relevant period;

    c. Performed overtime work for Defendants in one or more workweeks; and

    d. Did not receive a "time-and-a-half" overtime premium rate for every hour he worked beyond 40 in one or more workweeks; and

    e. His employment was governed by the same policies, practices and systems relating to timekeeping, compensation, work hours and overtime as those governing the Class members.

25. Plaintiff's state-law claims may be maintained as a class action because the members of the putative Classes are so numerous that their joinder would be impracticable. Over the relevant period, Defendants are believed to have employed at least several hundred people as Subordinate Pharmacists and/or Floater Pharmacists in the 406 CVS stores in Pennsylvania. *See* http://www.cvs.com/stores/cvs-pharmacy-locations/Pennsylvania.

26. This action may be properly maintained as a class action because there are material questions of law or fact common to the Class, including:

  a. Whether Defendants suffered or permitted Plaintiff and the Class members to perform more than *de minimis* overtime work;

  b. Whether Defendants' compensation systems properly paid Plaintiff and the Class members for the overtime work they performed;

  c. Whether Defendants violated the MWA by failing to pay Plaintiff and the Class members all required overtime wages;

  d. Whether Defendants violated the WPCL by failing to pay Plaintiff and the Class members all wages due on their regular paydays; and

  e. Whether Defendants should be required to pay compensatory damages, liquidated damages, interest, or attorneys' fees and costs.

27. This action may be properly maintained as a class action because Plaintiff's claims are typical of the claims belonging to the Class members. Plaintiff and the Class members are similarly-situated employees who performed similar work under similar conditions and, as a result, were similarly harmed.

28. This action may be properly maintained as a class action because Plaintiff will fairly and adequately assert and protect the interests of the Class members as follows:

  a. There is no apparent conflict of interest between Plaintiff and the Class members;

  b. Plaintiff's attorneys have significant experience in the litigation of complex civil and class action matters in this Court, and will adequately represent the interests of the Class; and

  c. Plaintiff has, or can acquire, adequate financial resources to assure that the interests of the Class will not be harmed. Consistent with the applicable

Rules of Professional Conduct, Plaintiff's counsel have agreed to advance the costs and expenses of this litigation, contingent upon the outcome of the case.

29. This action may be properly maintained as a class action because it will provide a fair and efficient method for adjudication of the issues presented by this controversy as follows:

    a. Common questions of law or fact predominate over any questions affecting only individual members, as Plaintiff seeks to remedy a common legal grievance – Defendants' failure to pay all overtime premium wages owed – on behalf of a Class of similarly-situated employees;

    b. No difficulties are likely to be encountered in the management of this litigation as a class action, given that Defendants' records will assist in identifying the members of the Class and verifying the precise amount of their claims;

    c. This forum is particularly appropriate for adjudicating these claims as this Court has significant experience with class action litigation; and

    d. The claims addressed in this Complaint are not too small to justify the expenses of class-wide litigation, nor are they likely to be so substantial as to require the litigation of individual claims.

30. Allowing these claims to proceed as a class action will be superior to requiring individual adjudications of each Class member's claim, since requiring hundreds of Defendants' Subordinate Pharmacists and Floater Pharmacists to file and litigate individual overtime claims would cause an undue burden on Defendants, the Class members and the Courts.

## COUNT I
### Violation of the FLSA
### (For members of the proposed collective group)

31. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

32. Defendants are an "enterprise" as defined by 29 U.S.C. § 203(r)(1), and are engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

33. Plaintiff and the collective group members are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

34. FLSA Section 207(a)(1) states that an employee must be paid an overtime premium rate, equal to at least 1½ times his regular rate of pay, for all hours worked in excess of 40 hours per week.

35. Throughout the relevant period, Defendants violated the FLSA by routinely suffering or permitting Plaintiff and the collective group members to work in excess of 40 hours per workweek without paying them an overtime premium rate of at least 1½ times their straight-time rate for all of those overtime hours.

36. Plaintiff and the collective group members have been harmed as a direct and proximate result of Defendants' unlawful conduct, because they have been deprived of overtime premium wages owed for time worked in excess of 40 hours per workweek from which Defendants derived a direct and substantial benefit.

WHEREFORE, Plaintiff respectfully prays for an Order:

    a. Certifying this matter to proceed as a collective action;

b.  Requiring Defendants to provide the names, current (or best known) addresses and current (or best known) e-mail addresses of all collective group members;

c.  Authorizing Plaintiff's counsel to issue a notice informing the collective group members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

d.  Appointing Kolman Ely, P.C. and Stephan Zouras, LLP as Class Counsel;

e.  Finding that Defendants willfully violated the overtime provisions of the FLSA by failing to pay all required overtime wages to Plaintiff and the Class members;

f.  Granting judgment in favor of Plaintiff and the Class members on their FLSA claim;

g.  Awarding compensatory damages to Plaintiff and the Class members in an amount to be determined;

h.  Awarding pre-judgment interest to Plaintiff and the Class members on all compensatory damages due;

i.  Awarding liquidated damages to Plaintiff and the Class members on all compensatory damages due in this action;

j.  Awarding a reasonable attorney's fee and cost reimbursement incurred by counsel in prosecuting this claim; and

k.  Awarding any further relief the Court deems just and equitable.

## COUNT II
### Violation of the Pennsylvania Minimum Wage Act
### (For members of the Pennsylvania Class)

37. The preceding paragraphs are incorporated by reference as though set forth fully herein.

38. The unpaid wages at issue in this litigation are "Wages" as defined by MWA § 3(d).

39. Defendants are "Employers" as defined in MWA § 3(g).

40. Plaintiff and the Class members are "Employees" as defined by MWA § 3(h).

41. Throughout the relevant period, Defendants were obligated to comply with the MWA's requirements, and Plaintiff and the Class members were covered employees entitled to the MWA's protections.

42. MWA § 4(c) and its enabling Regulations, found at 34 Pa. Code § 231.42, state that employees shall be paid for all hours worked in excess of 40 hours per week at a rate not less than 1½ times their regular rate of pay.

43. Defendants knew, or should have known, that its employment practices and policies resulted in the overtime violations pled here.

44. In failing to ensure that Plaintiff and the Class members actually received the appropriate overtime rate for each overtime hour they worked, Defendants acted willfully, or with reckless disregard for clearly applicable MWA provisions.

45. Defendants have no good faith justification or defense for failing to pay Plaintiff and the Class members the overtime wages required by the MWA for each overtime hour they worked.

46. MWA § 13 expressly allows a private plaintiff to bring a civil action to enforce an employers' failure to comply with the MWA's requirements.

47.     MWA § 13 expressly provides that an agreement between the employer and employee to work for less than the required minimum wage is not a defense to an action seeking to recover unpaid minimum wages.

WHEREFORE, Plaintiff respectfully prays for an Order:

    a.   Certifying this matter to proceed as a class action;

    b.   Approving Plaintiff as an adequate Class representative;

    c.   Requiring Defendants to provide the names, current (or best known) e-mail addresses and current (or best known) addresses of all Class members;

    d.   Authorizing Class Counsel to issue a notice informing the Class that this action has been filed, of the nature of the action and their right to opt-out of the Class;

    e.   Appointing Kolman Ely, P.C. and Stephan Zouras, LLP as Class Counsel;

    f.   Finding that Defendants willfully violated the applicable provisions of the MWA by failing to pay all required overtime wages to Plaintiff and the Class members;

    g.   Granting judgment in favor of Plaintiff and the Class Members on their MWA claim;

    h.   Awarding compensatory damages to Plaintiff and the Class members in an amount to be determined;

    i.   Awarding pre-judgment interest to Plaintiff and the Class members on all compensatory damages due;

   j.  Awarding liquidated damages to Plaintiff and the Class members on all compensatory damages due in this action;

   k.  Awarding a reasonable attorney's fee and cost reimbursement incurred by counsel in prosecuting this claim; and

   l.  Awarding any further relief the Court deems just and equitable.

## COUNT III
### Violation of the Pennsylvania Wage Payment and Collection Law
### (For members of the Pennsylvania Class)

48. The preceding paragraphs are incorporated by reference as though set forth fully herein.

49. Defendants are covered employers required to comply with the WPCL's mandates.

50. Plaintiff is seeking to recover "wages" as that term is defined by the WPCL.

51. Plaintiff and the Class members are employees entitled to the WPCL's protections, and were not exempt from receiving wages required by the WPCL for any reason.

52. The WPCL requires employers to pay all overtime wages due to their employees on regular paydays designated in advance.

53. The WPCL gives employees the right to enforce *any* legal right to wages due, including the Class members' statutory right to overtime pay conferred by the MWA, and application of this Act is not limited solely to claims arising from a written contract.

54. WPCL §§ 9 and 10 permit a private plaintiff to institute a class action to recover any unpaid wages, attorneys' fees and litigation costs and liquidated damages, and, so, support class certification of this claim.

55. During the relevant period, Defendants violated the WPCL wage payment requirement by willfully and consistently suffering and permitting Plaintiff and the Class members

to work more than 40 hours per workweek without paying them any overtime premium wages for these hours.

56. By failing to pay Plaintiff and the Class members at the mandated overtime premium rate for every overtime hour they worked on their regular paydays, Defendants violated WPCL § 3.

57. By failing to notify Plaintiff and the Class members that they would not be paid at an overtime premium rate for their overtime work, Defendants violated WPCL § 4.

WHEREFORE, Plaintiff respectfully prays for an Order:

    a. Certifying this matter to proceed as a class action;

    b. Approving Plaintiff as an adequate Class representative;

    c. Requiring Defendants to provide the names, current (or best known) e-mail addresses and current (or best known) addresses of all Class members;

    d. Authorizing Class Counsel to issue a notice informing the Class that this action has been filed, of the nature of the action and their right to opt-out of the Class;

    e. Appointing Kolman Ely, P.C. and Stephan Zouras, LLP as Class Counsel;

    f. Finding that Defendants willfully violated the applicable provisions of the MWA by failing to pay all required overtime wages to Plaintiff and the Class members;

    g. Granting judgment in favor of Plaintiff and the Class Members on their MWA claim;

   h. Awarding compensatory damages to Plaintiff and the Class members in an amount to be determined;

   i. Awarding pre-judgment interest to Plaintiff and the Class members on all compensatory damages due;

   j. Awarding liquidated damages to Plaintiff and the Class members on all compensatory damages due in this action;

   k. Awarding a reasonable attorney's fee and cost reimbursement incurred by counsel in prosecuting this claim; and

   l. Awarding any further relief the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

Dated: January 2, 2015

/s/ David J. Cohen
David J. Cohen
KOLMAN ELY, P.C.
414 Hulmeville Avenue
Penndel, PA 19047
(215) 750-3134
dcohen@kolmanlaw.net

Ryan F. Stephan
STEPHAN ZOURAS, LLP
205 North Michigan Avenue, Suite 2560
Chicago, IL 60601
(312) 233 1550
rstephan@stephanzouras.com

*Counsel for Plaintiff and the Putative Class / Collective Group*



# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUNIUS BAUGH, individually, and on behalf of all others similarly situated, ) ) | Case No. _____ |
| Plaintiff, ) ) | |
| v. ) | CLASS/COLLECTIVE ACTION |
| ) | |
| CVS HEALTH and CVS/PHARMACY, ) ) | |
| Defendants. ) | |

## NOTICE OF CONSENT
## PURSUANT TO 29 U.S.C. § 216(b)

I, Junius Baugh, hereby consent to join the above-captioned action as a Plaintiff to assert claims for violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. I hereby designate the law firms of Kolman Ely, P.C. and Stephan Zouras, LLP to represent me for all purposes in this action.

Dated: December 31, 2014

_____
Junius Baugh