IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUNIUS BAUGH,<br>Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>    v.<br><br>CVS RX SERVICES, INC.,<br><br>        Defendant. | CIVIL ACTION NO. 15-00014-MAK |

**DEFENDANT CVS RX SERVICES, INC.'S
MOTION TO COMPEL PLAINTIFF TO APPEAR FOR DEPOSITION**

Pursuant to Fed. R. Civ. Pro. 37, Local Rule 26.1, and the Honorable Mark A. Kearney's Policies and Procedures, Defendant CVS Rx Services, Inc. ("CVS") hereby moves to (1) compel Plaintiff Junius Baugh to appear for his deposition on May 13, 2015, or, in the alternative, to (2) compel Plaintiff to appear for deposition after that date and extend CVS's deadlines to move for summary judgment and to respond to Plaintiff's motion for conditional certification to a date two weeks after the date on which Mr. Baugh's deposition actually takes place. In support of its Motion, CVS states as follows:

1.     Plaintiff filed this putative collective action on January 5, 2015. (Compl., Dkt. 1). After conferring with the Parties during an initial scheduling conference, the Court ordered that discovery would proceed in stages. (Scheduling Order No. 1, Dkt. 21).

2.     Stage I discovery concludes this Friday, May 8, 2015. (*Id.*) The Court limited discovery during Stage I to discovery "regarding conditional certification for Count I of the Complaint," Plaintiff's Fair Labor Standards Act overtime claim. (*Id.*)

3. The Court ordered that Plaintiff file any motion for conditional certification and that CVS file its motion for summary judgment by May 20, 2015, 12 days after the close of Stage I discovery. (*Id.*)

4. On April 13, 2015, CVS noticed Plaintiff's deposition for Thursday, April 30, 2015. CVS asked that Plaintiff's counsel let Defense counsel know at his earliest convenience if this date would not be workable. (*See* Exhibit A).

5. Plaintiff did not object to the deposition going forward on April 30. On April 29, 2015, the day before Plaintiff's deposition, CVS's counsel requested a change in the start time for the deposition. Plaintiff's counsel responded that "Mr. Baugh is not set for deposition tomorrow." (*See* Exhibit B).

6. Plaintiff's counsel has refused to produce Plaintiff for deposition, citing his contention that CVS has not fully and completely responded to Plaintiff's document requests as the basis for refusing to go forward with the deposition. (*See* Exhibit C).

7. Attempting to resolve the dispute, CVS's counsel spoke with Plaintiff's counsel by telephone on April 30, 2015. Plaintiff's counsel reiterated his position that he would not produce his client for a deposition until CVS addressed alleged deficiencies in its document production.

8. Later that same day, CVS's counsel re-noticed Plaintiff's deposition for May 12, 2015. (*See* Exhibit D). Moreover, although Plaintiff's belief that CVS has not complied fully with his discovery demands does not justify his refusal to appear for a noticed deposition, CVS's counsel sought to meet Plaintiff's concerns by asking counsel to identify supposed production deficiencies that would affect the deposition. (*See* Exhibit E).

9. After Plaintiff's counsel sent an email listing production requests he believed were relevant to Mr. Baugh's deposition and stating that May 12, 2015, would not work for Plaintiff's counsel, CVS's counsel responded to and addressed Plaintiff's counsel's concerns and suggested May 13, 2015 as an alternative date. (*See* Exhibits F, G).

10. Plaintiff's counsel remained dissatisfied. On Friday, May 1, 2015, Plaintiff's counsel stated that he would not produce Plaintiff for deposition "until we resolve the issues presented by your discovery responses / production." (*See* Exhibit H).

11. With Stage I discovery closing on May 8 and the summary judgment motion and response to the conditional certification motion due shortly thereafter, CVS cannot allow Plaintiff to avoid a deposition any longer.

12. Plaintiff may not disregard the rules and unilaterally refuse to appear for a noticed deposition. *See , e.g.*, *Baltimore Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 548 (D. Md. 2011) (party may "not simply to refuse to answer"); *Stambler v. Amazon.com, Inc.*, No. 09-cv-310, 2011 WL 10538668, at *7-8 (E.D. Tex. May 23, 2011) (finding "unilaterally imposed non-production as a 'self-help' sanction" improper and that the "proper remedy is to file a motion to quash or a motion for protective order").

WHEREFORE, CVS respectfully requests that the Court enter an order compelling Plaintiff to appear for deposition May 13, 2015, or, alternatively, compelling Plaintiff to appear for deposition on a later date and ordering that Defendant's deadlines for (1) responding to Plaintiff's anticipated motion for conditional certification, and (2) filing its motion for summary judgment be extended to two weeks from the date that Plaintiff's deposition actually takes place.

        Respectfully submitted,

        GREENBERG TRAURIG LLP

        s/ James N. Boudreau
        James N. Boudreau, Esq. (I.D. #77891)
        2700 Two Commerce Square
        2001 Market Street
        Philadelphia, PA 19103
        Tel:  (215) 988-7800
        Fax:  (215) 988-7801 (fax)
        E-Mail: boudreauj@gtlaw.com

Dated:  May 4, 2015